UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Ashley Bryant, *Individually and as Parent and Natural Guardian of D.K.*,

                       Plaintiffs,

    v.

United States of America *et al.*,

                       Defendants.

**Decision and Order**

15-CV-917 (FPG)

_____

      Plaintiff Ashley Bryant gave birth to her son D.K. at Olean General Hospital on April 9, 2014.  Unfortunately, according to the second amended complaint (Dkt. No. 24), complications arose during delivery, and D.K. was born with significant permanent injuries.  Plaintiff has sued the federally funded or operated health system that she used for claims including medical malpractice, by way of the Federal Tort Claims Act.

      Over the last several years, this case effectively has passed through nine scheduling orders, the original plus eight amendments.  (Dkt. Nos. 17, 36, 39, 42, 45, 51, 54, 62, 64.)  While the Court has grown increasingly concerned about the age of the case, it has been content to grant the amendments for multiple reasons.  The attorneys showed with each extension request that they were diligently moving the case forward.  The parties did not show prejudice that would follow from any of the extensions.  More recently, ongoing public-health events warranted giving the attorneys more time to assess how to navigate the logistics of pretrial discovery.

      The most recent motion filed in the case needs to be viewed in the context of prior extensions and logistical concerns.  On July 6, 2020, plaintiff filed a motion to compel.  (Dkt. No. 65.)  The motion is somewhat unusual in that plaintiff is seeking neither substantive production nor a protective order blocking production.  Instead, plaintiff seeks to control the method by which an

upcoming deposition would occur.  One of plaintiff's expert witnesses is Dr. Fred Duboe, an OB/GYN in Chicago.  Counsel for defendant United States of America served a notice to take Dr. Duboe's deposition on August 21, 2020 in person, in Chicago.  Plaintiff's counsel objects to conducting the deposition in person for logistical reasons related to the current public-health situation and the type of close seating that typically occurs in depositions.  Defense counsel responds "that the government could have demanded Dr. Duboe travel to Buffalo for this deposition" and that "the parties agreed upon the date of August 21, 2020 for Dr. Duboe's deposition." (Dkt. No. 68 at 2.)  Defense counsel has explained that "Dr. Duboe, who is an OB/GYN, is plaintiff's expert as to the most critical issues in this case." (*Id.* at 4.)  While the parties seem to agree that Dr. Duboe is an important expert witness and that conducting the deposition in person would be preferred under ordinary circumstances, no party has demonstrated that prejudice would result if the deposition did not occur by August 21, 2020.  The only hint of prejudice comes from the Court's general concern about the age of the case.

"As a general rule, the party noticing the deposition usually has the right to choose the location." *Buzzeo v. Bd. of Educ., Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998) (internal quotation marks and citations omitted).  "However, in case of a dispute, courts exercise substantial discretion to determine the proper location for the deposition.  In exercising such discretion, courts consider the cost, convenience and litigation efficiency." *Gross v. Lunduski*, 304 F.R.D. 136, 163 (W.D.N.Y. 2014) (internal quotation marks and citations omitted); *see also Gagasoules v. MBF Leasing LLC*, No. 08-CV-2409 ADS (ARL), 2009 WL 5176576, at *2 (E.D.N.Y. Dec. 22, 2009) ("Pursuant to this highly deferential standard of review, magistrates are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused.") (internal quotation marks and citations omitted).  Courts also have to respect that Rule 30(b)(4) permits depositions by

remote means.  "[S]uch permission should be granted unless an objecting party will likely be prejudiced or the method employed would not reasonably ensure accuracy and trustworthiness." *Fireman's Fund Ins. Co. v. Zoufaly*, No. 93 CIV. 1890 (SWK), 1994 WL 583173, at *1 (S.D.N.Y. Oct. 21, 1994) (internal quotation marks and citations omitted).  Here, if the ongoing public-health situation continues indefinitely, prejudice becomes an issue, and the parties cannot resolve their differences in any other way, then the Court will not hesitate to force a choice: A video deposition with reasonable costs borne by plaintiff; or an in-person deposition in a federal courthouse somewhere between here and Chicago, at a date and time of the Court's choosing, with a courtroom reserved to ensure proper social distancing.  For now, though, the history of adjournments in this case and the absence of prejudice warrant a stepwise approach.  Plaintiff's motion is granted to the limited extent that the parties are relieved from conducting the deposition on August 21, 2020.  Over the next 90 days or so, the public-health situation hopefully will improve enough that the parties can agree on how to conduct Dr. Duboe's deposition.

    Accordingly, the remaining pretrial schedule is amended as follows.  All expert and other discovery will conclude on or before January 15, 2021.  Any dispositive motions will be filed on or before February 19, 2021.  The parties will file a joint status report on or before October 30, 2021 that updates the Court about their ability to agree to deposition arrangements.

## CONCLUSION

For the reasons above, plaintiff's motion to compel (Dkt. No. 65) is granted in part, with the remaining pretrial schedule amended accordingly.

SO ORDERED.

                                          __/s Hugh B. Scott_____
                                          Hon. Hugh B. Scott
                                          United States Magistrate Judge

DATED: July 15, 2020